May be seated. The clerk will call the next case. Mr. Fisher Excuse me, Your Honors, may it please the court, counsel, representing the defendant in this case, Marquis Costic. Mr. Costic was convicted in a jury trial, first degree felony murder in the aggravated battery with a firearm. Specifically, the jury found that on April 7th, 2013, Marquis was accountable for his brother, Michael's, fatal shooting of Treshawn Blakely, committing the course of a mob action, and was also accountable for Michael's shooting and injuring Gerald Embry. The defendant was sentenced to consecutive terms of 34 and 17 years imprisonment. The five issues are raised in this direct appeal. The first two issues, the defendant maintains that he was not proven guilty of either felony murder or aggravated battery with a firearm beyond a reasonable doubt. He therefore respectfully asked this court to reverse both of those convictions outright. Alternatively, in issue three, he seeks a new trial based on the prosecutor's improper rebuttal closing argument, which misstated the testimony of an important defense witness. As an additional alternative in issue four, he asks for a remand for a crankle hearing based on complaints made by the defendant prior to sentencing. And as a final alternative in issue five, based on substantial litigation, he submits that the aggregate sentence of 51 years imprisonment was excessive and he respectfully asked your honors to reduce it. Now, in arguing today, I intend to focus on the first two issues, reasonable doubt. Of course, if your honors have questions about the other issues, I'd be happy to address those as well. The defendant submits there are two alternative reasons why his murder conviction cannot stand in this case. Now, Marquis was not charged with either intent or knowledge murder. He was charged with felony murder based on mob action. Therefore, in order for that conviction to stand, the state had to prove him guilty of the underlying offense of mob action. The defendant submits the evidence did not prove that beyond a reasonable doubt. The mob action comprises the use of force or violence disturbing the public peace. By two or more individuals acting together without lawful authority. In NRAVC, the Illinois Supreme Court stated that a defendant commits mob action if he is part of a group engaged in physical aggression. In People v. Tamayo, decided by this court, in which this court upheld the conviction of felony murder based on mob action. This court found that the defendant committed mob action because he and others became aggressors in a fight and therefore they acted without lawful authority. The defendant submits that the evidence here does not prove either that the defendant used force or violence separate and apart from the firing of the gun or that he was an aggressor and acted without lawful authority. One witness is saying that the defendant told a person in jail that he had some animosity with this other group and they were in a fight, right? Well, there's testimony from a jailhouse informant here, which was really the only testimony of mob action. But that testimony was in, right? I'm sorry? That testimony came in the trial. Oh, no question. No question about it. The issue for this court is, was that testimony sufficient to establish mob action? The defendant submits it was not. According to the testimony of Mr. Hanneman, the defendant told him, while they were in jail together, that on the day in question, the defendant and his brother went to a party. Some point they left the party, apparently with some of the other individuals there, and they then occurred. Question is, the fact that a fight occurred or the fact that a fight broke out, does that in and of itself establish mob action? Does that in and of itself establish beyond a reasonable doubt that the defendant used force or violence? And does it establish that he was an aggressor in that fight? And I would submit to your honors that if two groups become involved in a fight, that each individual isn't necessarily guilty of a criminal offense. Each individual is not necessarily guilty of mob action simply because they became involved in a fight. I would submit that if an individual was attacked, that you could say, OK, he's involved in a fight. The attacking party or parties probably should be prosecuted. Should the individual who was attacked be prosecuted, especially if he didn't use force at all or if he responded with just enough force to avoid being beaten? Now, the State on Appeal argues that this contention must fail because the defense did not present evidence of self-defense at trial. That's true. The defense didn't, but regardless, the burden is always on the prosecution to establish the elements of the offense. And here they had to establish that the defendant used force or violence in separate, apart from the firing of the gun, and that he did so unlawfully that he was an aggressor. Now, in Tamayo, there was evidence that the defendant was involved in a fight, and the defendant said, well, the other guys started it, and I just got involved to help out my buddy. And ultimately, this court said, well, that may be true, but evidence in that case showed that at some point, the individuals on the other side were down on the ground, basically defenseless, and there was evidence that the defendant and his buddies kept wailing on the guys who were down on the ground. And so this court said that regardless of how it started, at some point, that evidence showed that the defendant became the aggressor and showed that he acted without lawful authority. That's the type of evidence the state had to show here, and it wasn't there. The state did not show that. Other than the informant's testimony, was there any testimony that Mr. Kosser was in the midst of the group of people? I know there's some testimony that he walked away or in front of a car and then may have struggled with his brother at some point, but is there any, you know, testimony like that in the tale? There's testimony about a punch or push or anything in the midst of a group of people? Absolutely nothing. Again, Haneman's testimony is the defendant said, in kind of this group, that animosity became involved in a fight, no further details. No other testimony whatsoever as to the defendant doing anything aggressive. Now then, there was a prosecution witness, Kimberly Brock. She was driving with a friend, happened to come on the scene just by happenstance, found themselves in a place where there was a whole group of people and things going on. She didn't know any of these people. She said she heard shots and she saw two people to the right of the car. And she claimed that's where the shots were coming from. And she saw, she thought she saw, the testimony is a little bit vague, but she believes she saw one of them was something that looked like a gun. Now, she later identified photos at the police station of two individuals, one being Marquise Kostic, one being his brother, Michael. She said those were the individuals, although, again, she didn't know them ahead of time. And she testified that she believed that it was actually Marquise who was the shooter. There was another witness who testified that she did know these people and that Michael was the shooter and Marquise wasn't even there. And then there was this informant's testimony that the defendant told him that his brother pulled out a gun. Other than that, though, there's absolutely no evidence of the defendant punching or kicking or anything. But there's one witness who testified that the defendant was running towards the commotion with his brother and then he was later fighting. Well, not exactly. One of the witnesses who was the witness who was injured but thankfully survived, Mr. Embry, testified that he was out and about that day, saw the commotion down the street, wanted to know what was going on. So he starts walking towards the scene of the commotion. And as he's walking towards the scene of the commotion, he sees the defendant and his brother, who apparently knows from the neighborhood. He also sees them walking towards the commotion, doesn't see them with weapons or doing anything aggressively. He apparently passes them up and he does not see them thereafter. The next thing that he knows is he hears gunshots. He sees his friend, Treshawn, apparently some small distance away, fall to the ground. He himself feels himself shot in the leg and then he retreats. And so there's no testimony that anybody sees the defendant fighting or throwing a punch. The only testimony that the defendant did anything aggressive came from this one prosecution witness. It appears, however, that the jury rejected that testimony and instead found that Michael was the shooter and that Marquis was accountable for Michael. And the reason I say that, number one, there were accountability instructions. But number two, the jury here signed a special verdict for him, stating that they did not believe that the state had proved that the defendant was armed with a dangerous weapon at the time of the shooting. And even the judge at sentencing stated that he concluded from that that the jury found the defendant guilty by accountability. And I think that's the only logical conclusion. The state on appeal maintains, well, that was only given for purposes of sentencing. So if the defendant were convicted, the judge would know it's sentencing whether or not to include the firearm enhancement as part of the sentence. And so it should be disregarded for any other purpose. Now, I agree that that's no doubt the reason why the special verdict form was given. But I think we'd be sticking our heads in the sand to just ignore it for any other purpose. I think the judge logically concluded the special verdict form meant that the jury found the defendant guilty on a theory of accountability. And again, other than that, no evidence that the defendant is punching or kicking or doing anything else beyond the random vague testimony of Haneman, the defendant's statement is he became involved in a fight. But the jailhouse informant said that the defendant didn't say he was a shooter. He said his brother was a shooter. That's correct. That's correct. So, I mean, the jailhouse informant didn't say that that the defendant shot the person. No, no, you're absolutely correct. He said that my brother did. And I think the jury must have accepted that along with the testimony of this other witness that Michael was the shooter. I agree with your honor. Yes. Yes. So, you know, if you have all that testimony together, given our common standard, isn't that enough? Well, it's certainly enough to show that a murder occurred. There's there's absolutely no question about that. And someone should do time for that. And someone else, Michael, is doing time. I mean, you have the factors for mob action. The question is, do you have the underlying offense? Because, again, there was no charge of intent or knowledge murder. The only murder charge was felony murder. Clearly, they had to prove the felony. If the underlying felony is not proved, felony murder can't stand. So they have to show mob action. You can have mob action with just two people. Well, two people, it's got to be two people working together. You know, there's got to be a victim, I guess you could say. So, sure, you can have a small group involved in a mob action. The question, again, and it's right there in the charging instrument and in the jury instructions, is to show use of force or violence by the defendant acting with another without lawful authority, which is being construed to mean being the aggressor. At some point, being the aggressor. You can have multiple people being aggressors. As this goes on, whatever the case may be, you can hear the testimony is very sparse about what really happened. I'm not faulting anybody, just saying this is the record we have. Well, as they say, the brothers brought a handgun to the fistfight. Well, and that was what the prosecution said. Now, it's interesting because it appears that this testimony suggests this was all very spontaneous. The question is, was there really a fistfight? If there was a fistfight, what was the defendant's involvement in that fistfight? And even if somebody engages in a fistfight, they can still be justified. Thank you. If they meet force with force, there was no defense of self-defense. I acknowledge that there wasn't, but the state still has to show that he acted without authority and that he was in there wailing. And the testimony that became involved in a fight is very sparse. And the defendant just doesn't establish mob action. That would mean that anybody in a fight is guaranteed a criminal offense. And I don't think that the courts of the state should come to that conclusion. So the defendant submits that they just didn't prove it. He also submits that there is a Morgan and Pelt violation because the charging, he was also charged with mob action. And not only the charge, but also the jury instructions show that the state took it upon itself to basically show the same exact evidence for mob action and felony murder, the fatal injury to Trey Sean Blakely. And so under Morgan and Pelt, alternatively, for that reason, the conviction can't stand. You were talking about accountability a moment ago. Where is that? Were you conceding accountability? I do not concede accountability. Especially with respect to aggravated battery with the firearm. The defendant argues that they didn't prove accountability on aggravated battery with the firearm because they didn't show he did anything to aid or abet his brother prior to or at the time of the shooting. There was some evidence that he left the scene with his brother and the state said that proves accountability. It can be evidence of accountability leaving the scene with the principal, but more is required. There must be evidence that he did something before or during the shooting to aid and abet such as planning, providing the weapon, bringing the weapon to the scene, urging his brother to do the shooting. And there was absolutely no evidence of the sort presented in this case. So the defendant submits they didn't even establish it. So you're saying all there is, is being with his brother. Exactly. He was, again, there was a lot of evidence he testified he wasn't even there, but there was evidence looking at the state, we can say he was there, but that's all. He was there. And what was the informant's testimony? I'm sorry, what was the informant's testimony? The informant's testimony was that the defendant said that he and his brother went to a party that day. They left the party and encountered a group that they had animosity with and their fight his brother pulled out a gun and fired some shots. Is that enough for accountability? I don't believe that establishes accountability. Just being in a place where crime is committed, even with somebody you know very well or are related to, which is a brother-brother situation, does not establish accountability by itself. No. Didn't the informant say engaged in a fight? Yeah, engaged in a fight, became involved in a fight. The only question, what does that mean? It can mean many different things. And it doesn't necessarily mean that he used force or violence without authority. That's what they have to prove. How do you peacefully engage in a fight? I'm sorry? How do you peacefully engage in a fight? Well, I don't say peacefully, but for example, if your owners were to leave court today and a group of people come up to you and start saying nasty things or attacking you or well, they probably wouldn't do it to you. But say I left the court with a buddy and they, you know, kids come after us or whatever, you know, want to hold us up or whatever, start throwing punches at us, you can say from that, somebody on the other street corner looking at that might say, one of those people who were in the fight and identified me as one of the people being involved. But if I'm just having punches thrown at me, I may be involved, but am I committing a crime? Now, maybe I do fight back to try and defend myself. Even then, if I just meet force with force, if I pull out a gun, it's different, but if I just meet force with force and I'm trying to ward them off, you might say I was involved in the fight, but did I commit a crime? Did I commit law of action? I would submit your honor's no. And that's the problem here. There's not enough, there needed to be more, that he, again, Tamayo, the court said, well, regardless of how the fight started, even if it wasn't your fault, at some point, the evidence showed that the other guy was on the ground, your group had the better of him, but you kept punching. So certainly at that point, even if at first you had justification, at that point you didn't. And they'd have to show us either that the defendant was an aggressor and was starting the fight, or even two groups usually decided to fight, think of both the aggressors, or at some point that even if the defendant was attacked, maybe he and his brother got the other guys on the run or got the better of them and kept going at it. And that would clearly be an aggressor without lawful justification. Here it's very vague. We don't have any of that. We don't know. And we're forced to speculate. The jury is forced to speculate. We were talking also about the aggravated battery. For that, for the accountability, the state had to prove he solicited, aided, abetted, agreed, or attempted to aid another in the planning or committing the offense of aggravated battery. Any one of those things. Yeah, I mean, somehow he did something to help his brother commit the offense, to urge his brother to fire the gun, didn't say he helped the brother to fire the gun, said he's standing there, and the brother pulls out the gun and fires. That's, I don't see accountability. Well, you do use the word encounter, is that a verb, used as a verb or not? I believe encounter is a verb, that they encountered, it came upon them. Is not that a statement of the actual proactively going against someone? Well, and if you encounter someone. They went to a party and then they encountered a group that they had animosity toward, am I correct? And that's pretty much the essence of the informant statement. Right, and I take that to mean just by happenstance, they came out of the party walking along and all of a sudden there's a group. Right, that's one interpretation. That they didn't, as opposed to they, nothing about they pursued them or went into their territory to frame them. They sought them out. No indication they sought them out. Okay, okay. No, no testimony at all. Nothing at all. Defendant submits, it's too vague, it forces the jury to speculate, and of course speculation is not proof beyond a reasonable doubt. For all those reasons, Mr. Kostic respectfully asks your honors to reverse these convictions. The evidence just doesn't support them. Thank you, Mr. Kostic. Thank you, your honors. Mr. Gnadevich. May I please the court, counsel? From the notes that I have from the record, what I have with Jared Hanneman testifying to is that the defendant had said that he and a group of his friends had left the party. And leaving the party, they ran into a group of people with whom they had some animosity with and got into a fight with them. A fistfight broke out. He further said that the defendant said that both he and his brother were in the fight that broke out. They were fighting people. When his brother grabbed a gun and started taking shots into the group. He further said that the defendant said that after that was done, the defendant left and went to hideout. He knew that the victim had been killed. He knew that the victim had been shot by his brother. And the defendant referred to the victim by the name of Deshaun. My purpose in reading that is, number one, with respect to the accountability, I think this evidence does establish accountability. It established the fact that he was involved in the fight, was with his brother. There was other evidence that suggested that basically they went somewhere close, they went to their house, grabbed a gun, ran back out. That's where the testimony of the two ladies came in where they almost hit them as they ran back in front of the cars they were driving. And as a result of all of this, as a result of Michael's shooting and the defendant being with him and helping and aiding him, what the accountability statute basically says is some of the factors that are included are presence at the scene without disapproval, flight, failure to report the crime, close affiliation with the co-defendant afterwards, sharing proceeds or destroying or disposing of evidence. We don't have, obviously, sharing of any proceeds. What we do have is we have presence at the scene without disapproval, we have flight, we have failure to report the crime, a crime that he knew his brother had done, was hiding out purposely from police. That, I think, along with the other evidence at trial, shows that there was a common design. And that basically this helps to establish the accountability aspect with respect to the aggravated badness of the firearm charge. So we think that that offense was proved clearly beyond reason, as was the accountability. Can we back up a second to the mob action? The testimony of the informant is he says, he had said that him and his group of friends had left the party and that upon leaving the party, they'd run into a group of people that they had animosity with, and they'd gotten into a fight with them, a fight broke out. And then the testimony is stopped. But as it goes further, that is the... What page are you on? 123, 124. Go to 125. That's what I got. He said that both he and his brother were in a fight that broke out. They were fighting people and his brother grabbed a gun and started taking shots. They'd both been part of that fight. But I guess, where is the testimony that is, they started a fight with them, they went looking for a fight with them. I don't need that from mob action. You don't have to be looking for a fight. If I walk up to a group of people and somebody punches me, then I am committing mob action? But is that the evidence in the case? Well, his testimony doesn't say anything. His testimony says that they encountered each other and a fight broke out. Mutual call, mutual combat. Together. The fight broke out. And I don't think there's anything that says that that's in any way, shape or form. What you're suggesting here, quite honestly, is who threw the first punch. Well, don't you have to have an aggressor? For mob action? For mutual combat? I don't necessarily think you have to have a, quote-unquote, an aggressor for mob action. You have to have two more people acting in concert with each other that disturbed the peace. And that's exactly what happened here. Without legal authority. If I walk up to somebody who shoves me and argues that I don't like them, they don't like me, but they start a fight and they make it physical, how is that? So if somebody shoves you, self-defense to take a haul off and break their nose? Well, I think you have to have some testimony. Like in the Mateo case, where, you know, yes, I can defend myself, I can defend my brother, or the one that I'm with, the person that I'm with, but then, you know, you can't take that next step and go beyond what is justified. But we don't have to prove, excuse me, we don't have to disprove that somebody acted self-defense. What we did prove was mutual combat. We proved a fight between the two groups that are animosity with each other. Because technically speaking, as counsel pointed out, both these groups know mob action. Based on the fight. Under mutual combat, are you implying that both groups could be charged with mob action? Yes. And in this case, if you take a look, and this kind of ties in with the felony murder charge, talks about the fact that mob action, if you look at the way mob action is charged, mob action is charged with two or more people engaged, etc., etc., with the shooting that resulted in the death of Shoshana. Mob action doesn't require sort of injury at all. Just basically tying up that, if you will, disturbs the peace. As your Honor said, going to the fist fight, carrying a gun, the charge was, they fired. Self-defense? In a fist fight? Fire a weapon like that that many times? But what you're saying is, they didn't bring that gun to the fist fight. The brother went and got it. Well, they still brought it to the fist fight. I mean, I think, I mean, I guess, if you're saying that if he is accountable for it, I mean, I guess, then don't you need something that says, hey, and then we decided, you know, my brother's going to go get this gun. Isn't there evidence that they are physically struggling before the shots go off? That they're away from the group and that they are struggling and having the two of them, the brothers that were struggling or fighting, and then, I don't know. Because that is what the woman testified to. It indicates that they left and got this gun and came back. And she says that they are struggling, maybe trying to stop somebody else from doing something, or at least they are fighting off something. I guess, I somewhat understand your question, but then again, you really kind of lost me because the whole thing is, mob action is what? Defendant and one other person engaging in combat together that disturbs the peace. Now, you have a fist fight going on or you have some sort of altercation going on. Yes, but you have to also have without lawful authority for disturbing the peace. Right, without lawful authority. Mutual combat. I think that is without lawful authority that disturbs the peace and both sides could have been charged. At the very least, if you take a look at the charge, you've got mob action because you've got two more people engaged in combat that disturbs the peace, which is what? Shooting. That shooting was not in any way, shape, or form with the authority of law, was it? But you can't have that use the shooting for your mob action and then also for the... Yeah, you can. You most certainly can because the shooting was the shooting into the crowd. The shooting was the shots that were fired. It doesn't necessarily have to be the shots that killed. It does not have to be the shot that wounded Emory. In order to support the mob action, we don't have to show an injury. There are multiple shots that were fired. Right, but if you intend to use those shots and for... The shot that killed Treshawn in the back of the head is what we're referring to with the mob action on that. But the mob action itself was the shooting of the gun, I should say. It's just that what happened was one of the bullets struck Treshawn in the head. If there are multiple acts that support mob action and that would support felony murder based on mob action, you can do that. And that's what we have here. We have multiple acts. We either have the fight or we have the shots. There are multiple shots. And those multiple shots are sufficient to basically establish the underlying felony for felony murder. And they never attempted to use any aspect of second degree murder? No. No. Felony murder, I'm not sure that second degree could be offered. Obviously it was not charged either. Which I think, if I'm not mistaken, I think second degree murder can be charged. Well, if you use second degree murder they couldn't you know, couldn't be used for what they're using it for. Right? So basically what we are saying is that there is no reasonable doubt as to the mob action. We definitely have sufficient evidence to establish the mob action. That mob action based on multiple acts that can basically be used to support felony murder. We think that the felony murder based on mob action is fine. We think that the aggravated battery was also established beyond a reasonable doubt based on accountability. We would ask this court to affirm and if there are any other questions that we have to respond. The key to your case is the informant, isn't it? That would be correct. I mean, the real key to the case. To the mob action and to the other line, yes. Because the lady the ladies that were in the car saw some things that were going on actually saw the shooting and the one identified the defendant and the defendant's brother but that was about all that they really got into. So the other elements and stuff like that were established through the testimony of the jailhouse. Thank you. Mr. Fisher. Several points by the way, Your Honor. First of all, the state maintains that Hanneman's testimony about the statement that a fight broke out means there was mutual combat. That's counsel's interpretation. With some literature, Your Honor, however, that's only one potential interpretation and the defendant can't be convicted based on speculation as to multiple potential interpretations. State has the burden of proof here. The state argues, well, the defendant didn't introduce evidence of self-defense it's really shifting the burden. Again, it's the state's obligation to prove the elements beyond reasonable doubt. Well, the phrase you're referring to was a question. The question was and now, so the defendant and his brother, Michael, had been at a party they're asking the jailhouse informant at a party with some other friends and you said they ran into another group of people that they had animosity with, question mark. Answer, yes, that's correct. Question, and so a fight broke out between those two groups of people question mark, that was a question. The witness said yes. Then the question is and did he tell you whether he and his brother were in that fight? He said yes. He said they were both a part of that fight and then question, did he tell you what happened after the fight got started? Answer, he said that they had they were fighting and his brother had grabbed a gun and started taking shots into the group of people. There was a fight. They were fighting. They were part of the fight. Okay, but again his other one was part of any fight outside boxing on the streets, whatever any person who is involved is a part of any fight guilty of a crime. Are they guilty of mob action? Statute specifically says use of force or violence two or more people acting together and without lawful authority. That doesn't cover this encounter? It We need more facts to know for sure that it does. In order to convict we must know for sure. Beyond a reasonable doubt I'm not saying 100%. Beyond a reasonable doubt. So to prove without authority of law and you're in you're part of a fight the gun's drawn and the shots fired there's a question about without without authority of law? Well, first of all I'm not saying that the firing of the gun is that separate and apart? Now the state, all of a sudden argument, or is the latter part of their argument today says, oh, the shooting the firing of the gun, that shows force for mob action, or could show force for mob action. The theory along by the state in the trial court was that there was this fight and that's the mob action and then the shooting in the course thereof. Furthermore, for the firing of the gun to be the force for mob action you have to have two or more people acting together there's only one shooter from the testimony here. Aren't two people together involved in shooting the gun? So that shooting of the gun is not the mob action it can't be the mob action. In any event, I would submit your honor to know there had to be more the case law teaches that becoming involved in a fight in and of itself is not good enough at some point you have to be the aggressor meaning at some point you're in the wrong and just becoming involved in a fight because you can become involved in a fight where it's just a surprise if somebody punches her it's my hypothetical I leave and somebody comes after me and I get involved to try and ward them off am I committing a crime? Is that mob action? The statute never talks about an aggressor the statute talks about... Without lawful authority, that's correct but again, B.C., Illinois Supreme Court it says that means the defendant is in a group involved in physical aggression or in turmoil at some point in that fight turmoil was in the wrong and was acting without lawful authority because he became the aggressor at some point and the other guy was down on the ground and he was beating without authority and that's the aggression that's how they're tied in that's how it's been construed it's tied in without legal authority right just merely being involved in a fight there's got to be more it forces the jury to speculate it does not prove that charge with accountability the state says there was no showing that he disapproved of the shooting it happened all of a sudden he brings out the gun and shoots he doesn't have much time to show disapproval interestingly, one of the independent apparently objective eyewitnesses said that the person standing next to the shooter at some point looked like he was tussling or struggling with the shooter which suggests that perhaps the defendant was trying to prevent and was in fact expressing disapproval even if you're always saying well that was vague and uncertain I don't know how much time he had again to express disapproval the point is there's no evidence showing that he even abetted prior to or during the shooting and so the defendant submits there's simply inadequate evidence of accountability here and again we respectfully ask your honors for all these reasons to reverse these convictions outright thank you thank you both for your arguments this matter will be taken under advisement and a written decision will be issued as soon as possible